LE BLANC, Justice
(concurring).
I agreed to a reconsideration of this case because of the importance of the issues that are presented. Their importance is in no manner better reflected than in the fact that the issues have been thoroughly reviewed in the opinion on rehearing notwithstanding the careful consideration that had been given to them in the original opinion. Then too, their importance is shown by the fact that they evoked such a comprehensive research of the law and the jurisprudence as is found in the dissenting opinion of one of the Justices.
I stated at the time the application for rehearing was granted that I thought the paramount question that was involved in the case was the applicability of the provisions of Act No. 62 of 1912. I still think that that is the determining factor and am concerned with the nature and character of property as defined in the Civil Code only to the extent by which the patent to the particular tract of land involved in this case is affected by the statute in question.
In my opinion, the statute does not repeal, either by implication or otherwise, any of the Articles of the Civil Code relating to the susceptibility or non-susceptibility of private ownership any more than it repeals or attempts to repeal any other law or statute respecting the right, vel non, of the State or any of its officers to transfer property. All that the statute did was to provide a time within which claims or disputes arising out of any patents granted by the State and duly signed by the Governor and the Register of the Land Office and of record in the land office, or any *745 transfer of property by any subdivision of the State, should be brought to issue, decided and quieted in the public interest. And in this connection, no exceptions were made with regard to the nature, character and kind of any property. The act specifically states that “all” suits or proceedings to vacate or annul “any” patent, “shall” be brought with the time limit fixed therein and I entertain but little doubt that had the State instituted a suit or a proceeding against the proper parties urging the same contentions it now makes within six years from the passage of the act, as therein provided, the patent involved in this case would have been annulled. Not having exercised its right to do so it must abide the consequences.
Much is said about the public policy of the State as embodied in the Articles of the Civil Code and in the jurisprudence with respect to its sovereign power in dealing with lands that either belong to it or to the people in common. I believe that the Act of 1912 also enunciated a species of public policy regarding such lands and that policy was to put at rest all doubt involved in their transfer to private parties regardless of whether the transfer had been made with or without proper authority.
I might mention here, for it has not been mentioned before, that Act No. 62 of 1912 was considered on the question of its constitutionality, by the Supreme Court of the United States in the case of Atchafalaya Land Co. v. F. B. Williams Cypress Co., Ltd., which went to that Court on certiorari. See 258 U.S. 190, 42 S.Ct. 284, 286, 66 L.Ed. 559. The concluding paragraph of the opinion expresses my view of its nature, purpose and intent far better than I can state. I here quote it:
“The Act of prescription was a proper exercise of sovereignty. The state could recognize, as it did recognize, that there might be claims derived from it, asserted or to be asserted, rightfully or wrongfully, involving conflicts which should be decided and quieted in the public interest, and therefore, enacted the statute. And such is the rationale of statutes of limitations. They do not necessarily lessen rights of property or impair the obligation of contracts. Their requirement is that the rights and obligations be asserted within a prescribed time. If that be adequate, the requirement is legal, and its justice and wisdom have the testimony of the practices of the world.”
For these reasons I concur in the majority opinion.